UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | Case No. 1:25-cv-00970-HBK (PC) |
| Plaintiffs, | ORDER DIRECTING PLAINTIFF TO IDENTIFY JOHN DOES |
| v. | 90-DAY DEADLINE |
| M. BRAVO, *et al*., | |
| Defendants. | |

Plaintiff Cuong Huy Dao is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1, "Complaint").

I.   RELEVANT BACKGROUND

On August 22, 2025, the Court screened the Complaint and found it stated cognizable Eighth Amendment excessive use of force claims against Defendants M. Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, A. Gutierrez, M. Lopez, Rodrigo, and two Unidentified Correctional Officers, and cognizable Eighth Amendment medical deliberate indifference claims against Defendants LVN Reyes, RN Callejo, and Dr. Kongara but no other claim. (Doc. No. 8 at 12). Specifically, the Court found the Complaint did not state cognizable conspiracy claims or equal protection claims against any of the named Defendants, and did not state an Eighth Amendment condition of confinement against Defendant J. Medina or any other named Defendant. ( Doc. No. 8 at 8-11). On September 8, 2025, Plaintiff filed a notice electing to stand

on his Complaint as screened and proceed only on those claims the court deems cognizable, effectively dismissing his conspiracy, equal protection, and conditions of confinement claims by operation of law pursuant to Rule 41 and 15. (*See* Doc. Nos. 9-11). The Court directed service on Defendants Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, A. Gutierrez, M. Lopez, Rodrigo, LVN Reyes, RN Callejo, and Dr. Kongara. (Doc. No. 12).

The Court now addresses the issue of Plaintiff's need to identify the two Unidentified Correctional Officers ("John Does") Plaintiff listed and identified in his Complaint. (See Doc. No. 1 at 10-17).

## II.     DISCUSSION

The two John Does were employed as correctional officers at California Department of Corrections and Rehabilitation ("CDCR") North Kern State Prison. Plaintiff alleges on or about August 21 or 22, 2024 the two John Does, along with Defendants Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, A. Gutierrez, M. Lopez, and Rodrigo used excessive force on him during an escort to medical in violation of the Eighth Amendment.

Plaintiff is advised that the United States Marshal cannot serve Doe defendants. Plaintiff will be required to identify the two John Does with enough information to locate these individuals for service of process.[1] Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is not clear that

---

[1] Plaintiff is advised it is his obligation to identify any Doe defendant named in this action. *See, e.g.*, *Johnson v. Spearman*, No. 2:19-cv-1093 JAM KJN P, 2020 WL 7405693, at *2, n.3 (E.D. Cal. Dec. 17, 2020) ("It is Plaintiff's obligation to timely identify individuals named as defendants in a civil rights complaint"); *Reyes v. Flores*, No. 1:16-cv-00586-DAD-JLT (PC), 2018 WL 3968245, at *10 (E.D. Cal. Aug. 16, 2019) ("It is Plaintiff's obligation to provide the information necessary to identify and locate a given defendant").

1  discovery would not uncover the identity of the two John Does, nor it is clear that Plaintiff's
2  Complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an
3  opportunity to discover the identities of the two John Does through limited discovery.
4      Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised
5  the Court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is
6  subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.
7  Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a
8  subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008
9  WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d).  Limitations include the
10 relevance of the information sought, as well as the burden and expense to the non-party in
11 providing the requested information. Fed. R. Civ. P. 26, 45.
12     A motion for issuance of a subpoena duces tecum should be supported by clear
13 identification of the documents sought and a showing that the records are obtainable only through
14 the identified third party. *See, e.g., Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010
15 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS
16 (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010).  The "Federal Rules of Civil Procedure
17 were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in
18 order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.
19 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these
20 factors. *Id*.
21     Plaintiff may also elect to learn the identities of the two John Does by alternate means. For
22 example, Plaintiff might use a CDCR Form 22 to learn the identities of the two Unidentified
23 Correctional Officers who participated in Plaintiff's escort to medical at about 11:30 a.m. on
24 August 21 or 22, 2024.  Or Plaintiff might request copies of any grievances he submitted that may
25 contain the names or descriptions or actual names of the John Does.  *See, e.g., Thompson v.*
26 *Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may
27 be able to obtain the names of these [John Doe] individuals by accessing his classification records
28 or using the CDCR Form 22").

3

Finally, the Court notes that if Plaintiff has learned the name or names of John Does since filing his Complaint, and/or does not require a subpoena to obtain these individuals' identity, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for Unidentified Correctional Officers.

Accordingly, it is hereby ORDERED:

The Court GRANTS Plaintiff ninety (90) days in which to discover the actual names of two Unidentified Correctional Officers or John Does, through subpoena or otherwise, and to substitute these defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of two Unidentified Correctional Officers or John Does, the Court will recommend dismissal, without prejudice, of such individuals.

Dated:    September 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE