UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>   Plaintiff,<br><br>   v.<br><br>M. BRAVO, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-00970-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS A. GUTIERREZ AND M. LOPEZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>SIXTY (60) DAY DEADLINE |

Plaintiff Chong Huy Dao ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against on Plaintiff's Eighth Amendment excessive use of force claims against Defendants M. Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, A. Gutierrez, M. Lopez, Rodrigo, and two Unidentified Correctional Officers, and Eighth Amendment medical deliberate indifference claims against Defendants LVN Reyes, RN Callejo, and Dr. Kongara.

On September 15, 2025, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (Doc. No. 11).  The order included the following information regarding Defendants A. Gutierrez and M. Lopez: "Correctional Officer, North Kern State Prison.  (*Id.* at 2:14-15.)  On September 15, 2025 and November 18, 2025, the Court received information that Defendants A. Gutierrez and M. Lopez could not be identified for service.  (Doc. Nos. 11-1, 19).

1

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendants A. Gutierrez and M. Lopez with the information that Plaintiff provided. However, the Marshal was informed that there was not enough information to identify either Defendant for service of process. Further efforts by the Marshal were also unsuccessful. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate these Defendants, Defendants A. Gutierrez and M. Lopez shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants A. Gutierrez and M. Lopez should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendants A. Gutierrez and M. Lopez for service of process. For

example, Plaintiff may provide an approximate date for the incident at issue, a building number or facility where the incident took place, or other identifying physical features for Defendants A. Gutierrez and M. Lopez.

Accordingly, it is hereby ORDERED:

1. Within **sixty (60)** days from the date of service of this order, Plaintiff shall show cause why Defendants A. Gutierrez and M. Lopez should not be dismissed from this action; and
2. The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified and unserved defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

Dated:    December 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE