UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br><br>            Plaintiff,<br><br>     v.<br><br>M. BRAVO, et al.,<br><br>            Defendants. | Case No 1:25-cv-00970-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE BY:<br><br>MARCH 5, 2026 |

      Plaintiff Cuong Huy Dao is a state prisoner proceeding pro se and *in forma pauperis* on his Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1). As set forth in the Court's August 22, 2025 Screening Order, Plaintiff's Complaint stated only cognizable Eighth Amendment excessive use of force claims against Defendants M. Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, A. Gutierrez, M. Lopez, Rodrigo, and two Unidentified Correctional Officers, and cognizable Eighth Amendment medical deliberate indifference claims against Defendants LVN Reyes, RN Callejo, and Dr. Kongara on which Plaintiff agrees to proceed. (Doc. No. 8, 9, 10). On November 12, 2025, Defendants M. Bravo, J. Rivera, J. Perez, A. Heredia, Devila, Medina, Rodrigo and LVN Reyes, RN Callejo, and Dr. Kongara filed notices of waiver of service. (Doc. Nos. 17, 18).[1]

---

[1] Service of process was not yet effectuated on unidentified Defendants A. Gutierrez and M. Lopez.

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions. The Court therefore will STAY this action for 90 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge. If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action is **STAYED until further order** to allow the parties an opportunity to settle their dispute. Defendants may, but are not required, to file a response to the operative complaint during the stay. Except as specified below at ¶ 5, the parties may not file other pleadings or motions during the stay period. Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2. On or before March 5, 2026, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. During the stay, Plaintiff may seek a subpoena or file a notice of substitution in connection with the two Unidentified Correctional Officers as directed by the Court in its September 15, 2025 Order; and may submit additional information for the U.S. Marshal to serve Defendants A. Gutierrez and M. Lopez as directed by the Court in its Order issued this same day.

Dated: December 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE