UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUONG HUY DAO,

        Plaintiff,

    v.

M. BRAVO, et al.,

        Defendants.

Case No.  1:25-cv-00970-HBK (PC)

CASE MANAGEMENT SCHEDULING ORDER

Response to Operative Complaint:  May 11, 2026

Exhaustion-Based Motion:  July 20, 2026

Complete Non-Expert Discovery:  January 20, 2027

Settlement Report:  February 22, 2027

Dispositive Motion(s):  April 20, 2027

Defendants shall file a response to the operative complaint no later than May 11, 2026. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, the Court additionally sets forth the following case management deadlines and discovery procedures for this case as follows:

**I.  <u>Written Discovery</u>:**

Discovery requests shall be served by the parties in compliance with Rule 5 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and Eastern District of California Local Rule 135. Discovery requests and responses shall <u>not</u> be filed with the Court unless required by Eastern District California Local Rules 250.2, 250.3 and 250.4.  Absent leave of Court, discovery is limited as follows:

A.  The parties are limited to 15 Interrogatories (an interrogatory is a question sent by one party to another, to be answered under oath, in order to clarify matters of fact and "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2);

B.  The parties are limited to 15 Requests for Admission (a request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1); and

C.  The parties are limited to 15 Requests for Production (a request for production is a written request that the opposing party produce documents or electronically stored information, "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1).

Responses to document requests shall include all documents within a party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.  *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007).

Responses to written discovery, including the production of documents, is due **within forty-five (45) days** after the request is served.  Boilerplate objections are disfavored and may be summarily overruled by the Court.  All discovery must be completed by the above-referenced discovery cut-off date.

The parties are required to act in good faith during discovery and are required to meet and confer, via correspondence or telephonically, to resolve any discovery dispute prior to filing any discovery motion.  Any motions to compel should be filed promptly after the non-receipt or receipt of the objectionable discovery; and, in all cases no later than fourteen (14) days **before** the non-expert discovery deadline expires.  Failure to timely file a motion to compel will result in a waiver of any objections to discovery.  The moving party must include certification that they have complied with their duty to meet and confer.  The failure to include a certification or show good

2

cause for failure to meet and confer will result in the motion being stricken.  The fact that Plaintiff is incarcerated does not constitute good cause to excuse either parties' duty to fulfill the meet and confer requirement.

## II.  Depositions

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendants serve all parties with the notice required by Rule 30(b)(1).  Pursuant to Fed. R. Civ. P. 30(b)(4), the parties may take any deposition under this section by video conference, relieving the court reporter of the requirement to be in the physical presence of the witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition.  Nothing herein forecloses a party from bringing a motion for protective order pursuant to Fed. R. Civ. P. 26(c)(1) if deemed necessary.

Disagreement with any directive of security staff at the institution or prison at which the deposition is scheduled is not a basis for the Plaintiff to refuse to answer questions.  Further, the failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions, including terminating the action as provided in Fed. R. Civ. P. 37.

## III.  Case Management Deadlines

The following deadlines shall govern this action:

A.  Deadline to respond to operative complaint:  May 11, 2026.

B.  Deadline to challenge exhaustion of administrative remedies:  July 20, 2026.

C.  Deadline to complete non-expert discovery:  January 20, 2027.  Any motions to compel must be filed no later than fourteen (14) days before the non-expert discovery deadline. The motion(s) should include a copy of the request(s) and any response to the request(s) at issue. The responding party may file a response to the motion no later than twenty-one days from the date the motion is filed.  If, after reviewing the motion(s) and response(s), the Court determines that a hearing will be helpful, the Court will set a hearing on the motion(s) to compel.

D.  Deadline to Advise of Settlement Potential:   Defendants shall confer with Plaintiff,[1] and no later than February 22, 2027, shall file a report indicating each party's position on whether a further settlement conference would be productive.[2]

E.  Deadline to file pre-trial dispositive motions:  April 20, 2027. The deadline to file an opposition to a dispositive motion, including a motion for summary judgment, is thirty (30) days from the date the motion is filed. The deadline to file a reply to an opposition is fourteen (14) days from the date the opposition is filed.  If a party needs an extension to these deadlines, that party may file a motion for an extension of time.

F.  In addition to complying with the applicable rules, a motion and incorporated memorandum and any responses in opposition shall not exceed twenty-five (25) pages in length, exclusive of exhibits.  A moving party's reply brief shall not exceed seven (7) pages in length.  A party must move and show good cause for exceeding these page limitations before filing the motion.  Any motions filed in excess of these page limitations may be struck.

G.  Defendants shall lodge a Word version of any dispositive motion to chambers at: hbkorders@caed.uscourts.gov and  shall mail or deliver courtesy hard-copies of any motions with exhibits that exceed twenty-five (25) pages in length to the Clerk of Court at 2500 Tulare St., Fresno, CA 93721 and marked "to the Attention of: HBK Chambers."  Courtesy hard copies shall reflect the CM/ECF document numbers and pagination.

### IV.  Further Dates and Deadlines

If this case proceeds after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines,[3] a telephonic trial confirmation hearing, pretrial deadlines, and a trial date.

### V.  Effect of This Order

The deadlines set forth above are firm and will only be extended upon a showing of good cause.  Eleventh hours motions, *i.e.*, motions filed on the eve of the deadline expiration, to extend

---

[1] The parties may confer by letter or telephonically.
[2] If the parties request a settlement conference, the Court will stay the remaining deadlines.
[3] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their expert disclosures at any time.

4

a deadline will only be granted only upon a showing of extraordinary circumstances.

Dated:  April 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE