UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | Case No. 1:25-cv-00970-HBK (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANTS A. GUTIERREZ AND JOHN DOES SHOULD NOT BE DISMISSED |
| v. | |
| M. BRAVO, et al., | |
| Defendants. | |

On June 11, 2026, the Court redirected service on Defendant Gutirrez based on descriptors Plaintiff provided in response to the Court December 5, 2026 Rule 4(m) order to show cause. (Doc. 53). On June 23, 2026, the California Department of Corrections ("CDCR") filed a Notice of E-Service Waiver declining to waive service as to Defendant A. Gutierrez, stating prison officials are "unable to identify" Defendant A. Gutierrez, despite the additional descriptors Plaintiff provided. (Doc. 60).

Federal Rule of Civil Procedure 4(m) requires the Court to "dismiss the action without prejudice" against any defendant who is not served within ninety (90) days after the complaint is filed, or here, service is ordered. The Court initially ordered service on September 15, 2025, and previously afforded Plaintiff an opportunity to show cause why Defendants A. Gutierrez should not be dismissed from the action or to provide additional information that will assist the United States Marshal in identifying Defendant A. Gutierrez. (Doc. 20). Despite Plaintiff's additional

information, CDCR remains unable to identify A. Gutierrez, and any further attempt at service by the United States Marshal would be futile.  Plaintiff must therefore show cause why the Court should not dismiss A. Gutierrex under Rule 4(m) without prejudice.

Similarly, on June 11, 2026, the Court directed Plaintiff to substitute the names of the two unidentified correctional officers ("John Does") against whom he has brought excessive force claims.  (Doc. 52).  On July 1, 2026, Plaintiff responded to the June 11, 2026 order, stating the Court may dismiss the "male John Doe" because Plaintiff "is not able to provide a description or notice of substitution."  (Doc. 61at 6).  Plaintiff further states that there is a "female John Doe" acknowledges that she "did not use any force" against him and that he does not plan sue her, but because she is a "credible witness" he requests the Court's assistance in identifying her "for notice of substitution."  (*Id*. at 7).

Plaintiff should limit the designation of defendants to individuals alleged to have personally used excessive force or to have had a realistic opportunity to intervene and failed to do so, rather than naming witnesses who are not alleged to bear responsibility for the challenged conduct.  To the extent Plaintiff seeks identifying information about the "female John Doe," he may utilize the discovery process, such as interrogatories, discovery requests, or subpoenas, and if appropriate, file a notice of substitution.

On July 6, 2026, Plaintiff filed a pleading titled "Response to Case Management Scheduling Order."  (Doc. 63).  Plaintiff requests the Court "review and renew any missed deadlines" due to delay in his receipt of the Case Management and Scheduling Order.  To the extent Plaintiff misses a deadline, the proper remedy is to move for extension of time. Nonetheless, as one time courtesy, the Court confirms that Plaintiff has not missed any deadlines.

Accordingly, IT IS ORDERED:

1. Plaintiff shall deliver a "Response to Order to Show Cause" to correctional official for mailing no later than July 27, 2026.  In his response, Plaintiff shall explain why the Court should not dismiss the two John Does and A. Gutierrez without prejudice under Federal Rule of Civil Procedure 4(m).

2. In the alternative, Plaintiff may file a "Notice Under Rule 41(a)" seeking voluntary

dismissal without prejudice of the two John Does and A. Gutierrez.

3. If Plaintiff fails to respond to this Order to Show Cause, the undersigned will issue Findings and Recommendations to the district court recommending dismissal of the two John Does and A. Gutierrez from this action under Federal Rule of Civil Procedure 4(m).

Dated:    July 8, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3