UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br>Plaintiff,<br>v.<br>M. BRAVO, et al.,<br>Defendants. | Case No. 1:25-cv-00970-HBK (PC)<br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY<br>(Doc. 77)<br>DECEMBER 21, 2026 DEADLINE |

Pending before the Court is Plaintiff's "Request for a 45-day Stay of Defendants' Summary Judgment Proceeding." The Court construes the request as a motion for relief under Federal Rule of Civil Procedure 56(d) and denies it for the reasons below.

I. BACKGROUND

Plaintiff, a state prisoner, proceeds on his Complaint as screened, asserting an Eighth Amendment medical deliberate indifference claim against Defendants LVN Reyes, RN Callejo, and Dr. Kongara (the "Medical Defendants") and an Eighth Amendment excessive force claim against multiple correctional officer Defendants. (Docs. 1, 8–9).

On August 20, 2026, the Medical Defendants moved for summary judgment on the ground Plaintiff failed to exhaust administrative remedies for his medical deliberate indifference claim as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 69). On October 21,

2026, the Court granted Plaintiff an extension until November 20, 2026 to oppose the motion. (Doc. 76).

On November 2, 2026, Plaintiff requested a 45-day stay, stating that he had served requests for admission, interrogatories, and requests for production of documents on Defendants on October 10, 2026. (Doc. 77). Liberally construed, his request seeks to defer consideration of the summary judgment motion because Defendants' discovery responses are due after his opposition deadline. Plaintiff does not identify the specific information he seeks or explain why it is essential to his opposition.

II. LEGAL STANDARD

Summary judgment generally is appropriate only after the nonmoving party has had adequate time for discovery. Federal Rule of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Local Rule 260(b) similarly requires a party seeking additional discovery to oppose summary judgment to specify the particular facts to be discovered or the issues requiring discovery.

The party seeking relief under Rule 56(d) bears the burden of establishing a basis for relief. *Atay v. Cty. Of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). The party must explain how additional time will permit the discovery of facts sufficient to rebut the moving party's showing that no genuine dispute of material fact exists. *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986).

Specifically, the nonmoving party "must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

Speculation about what additional discovery might reveal is insufficient. *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018). Nor do conclusory statement about the need for additional discovery establish a basis for relief. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019).

## III. DISCUSSION

Plaintiff has not shown why the pending discovery is essential to his opposition. The Medical Defendants' motion concerns whether Plaintiff exhausted administrative remedies for his medical deliberate claim. Although Plaintiff identifies the types of document requests he served, he does not identify the specific facts or documents he seeks, explain how they relate to exhaustion, or show how they would enable him to oppose summary judgment.

The fact that discovery responses are due after Plaintiff's opposition deadline does not, without the required showing, establish a basis for relief under Rule 56(d). Because Plaintiff has not explained why the requested discovery is essential to his opposition, the Court denies his motion. *See Midbrook*, 874 F.3d at 619–20.

Although Plaintiff's opposition deadline has passed, he filed his request for a stay before that deadline expired. The Court therefore sua sponte extends the deadline to oppose the Medical Defendants' motion for summary judgment to December 21, 2026.

Accordingly, it is ORDERED:

1. Plaintiff's request for a 45-day stay (Doc. 77), construed as a motion for relief under Federal Rule of Civil Procedure 56(d), is DENIED.
2. Plaintiff shall deliver his response to the Medical Defendants' exhaustion-based motion for summary judgment (Doc. 69) to correctional officials for mailing no later than December 21, 2026.

Dated: November 22, 2026

*Helena M. Barch-Kuchta*

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE